IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   Case No. 12-10089-JWB-16

EUSEBIO SIERRA-MEDRANO,

      Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to appoint counsel. (Doc. 1483.) The government filed a response in opposition on August 6, 2024. (Doc. 1485.) For the reasons stated below, the motion is DENIED.

On August 19, 2013, Defendant Eusebio Sierra-Medrano pled guilty to Count 1 of the indictment against him: Count 1 charged Defendant with conspiracy to commit acts of racketeering influenced and corrupt organizations under 18 U.S.C. § 1962(d). (Doc. 1 at 2-7; Doc. 861 at 1.) Defendant was committed to a term of imprisonment of 120 months, and upon release, to a 3-year term of supervised release. (Doc. 861 at 2–3.)

Defendant filed a motion to appoint counsel on August 5, 2024, (Doc. 1483) to assist him with filing a motion to reduce his sentence pursuant to Amendment 821 to the Sentencing Guidelines. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The

Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Amendment 821 amended the guidelines to limit the criminal history impact of status points and provide an adjustment for certain zero-point offenders.

First, Defendant has no constitutional right to appointment of counsel beyond his direct appeal.  *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  This lack of a "right to counsel extends to a § 3582(c)(2) motion." *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015).  Nevertheless, a federal district court has discretion to appoint counsel to assist a Defendant's pursuit of a § 3582 motion.  *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).  Here, Defendant has not demonstrated a compelling need for counsel.  Defendant is seeking appointed counsel "in regards to an intervening relevant change in the law that may be applicable to me concerning the amend[ments]."  (Doc. 1483 at 1.)  After review of Defendant's presentence report, Amendment 821 does not appear to provide relief to Defendant because he is not a zero-point offender and instead a career offender pursuant to U.S. Sent'g Guidelines Manual § 4B1.1.  (Doc. 852 at 25-26.)  Further, Defendant did not receive any status points, so that change in the guidelines does not affect Defendant's sentence.  Given that Defendant does not appear to qualify for relief under Amendment 821, it is doubtful that the court has jurisdiction to review or reduce the Defendant's sentence.

Thus, the court concludes that Defendant failed to provide a sufficient compelling reason for it to exercise its discretion to appoint counsel on a matter in which there is no constitutional right to counsel.  Therefore, Defendant's motion to appoint counsel (Doc. 1483) is DENIED.

3

IT IS SO ORDERED.  Dated this 3rd day of October, 2024.

                                                 \_\_s/ John W. Broomes_____
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE